**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES A. BLAKEMORE, | ) |
| | ) |
| ` Petitioner, | ) |
| | ) |
| v. | )   No. 4:23-cv-01425-JAR |
| | ) |
| UNITED STATES MARSHALL'S, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

Before the Court is a Petition For a Writ Of Habeas Corpus Under 28 U.S.C. § 2241 filed

by James A. Blakemore, a federal pretrial detainee. Petitioner did not pay the $5 filing fee for

this action. However, the Court notes that in the pending federal criminal matter that is related to

this action, the Court has determined that Petitioner is financially eligible for the appointment of

counsel. *See United States v. Blakemore,* No. 4:20-cr-00575-MTS-1 (E.D. Mo. Sep. 23, 2020).

Additionally, in the introductory paragraph of the instant petition, Petitioner writes: "At this time

Petitioner Prays the Courts accept this Motion/Petition under United States District Court Rules

and or the Supreme Court of the United States." (ECF No. 1 at 1). The Court liberally construes

Petitioner's request as a request for leave to proceed in forma pauperis in this action, and will

grant that request. Additionally, for the reasons explained below, the Court will dismiss this

action without further proceedings.

### Background

Petitioner is a federal pretrial detainee and is currently housed at the Grayson County

Detention Center in Kentucky. He has been charged in this Court with carjacking, possession

and brandishing of a firearm in furtherance of a violent crime and being a felon in possession of

a firearm. *See United States v. Blakemore*, 4:20-cr-00575-MTS. As of the date of this Memorandum and Order, trial is set to begin on Tuesday, November 28, 2023. Petitioner is represented by counsel in those proceedings but has submitted various pro se filings to the Court. He filed a document on May 25, 2023 in which he requested a speedy and fair trial, but he did not claim his right to a speedy trial had been violated. To date, Petitioner has not filed a motion to allege a violation of his speedy trial rights.

Petitioner filed the instant petition on or about November 6, 2023. He did not prepare the petition using a Court-provided form as required by this Court's Local Rules, and he sets forth his assertions in the form of a long and rambling narrative. This makes it difficult for the Court to discern his actual claims. Even so, it is clear that Petitioner filed the petition to challenge the above-referenced pending criminal action, and raise defenses to it. Condensed and summarized, Petitioner claims he was wrongfully arrested and detained; he is being held in violation of his Constitutional right to due process; he was subjected to an unreasonable pre-indictment delay; the government presented false evidence in the indictment and the indictment was not properly executed; and the Federal Rules of Criminal Procedure are being violated. Petitioner also claims his Constitutional right to a speedy trial is being violated, but he does not seek an order from this Court compelling an earlier trial. Instead, the only relief Petitioner seeks on that claim and his other claims is dismissal of all pending charges, and release from custody.

### Discussion

When habeas claims raised by a federal pretrial detainee would dispose of the pending federal criminal charges, principles of judicial economy require that the petitioner first present those claims to the trial court, and then raise them on direct appeal if permissible. *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994). It is well established that a criminal

defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution. *Jones v. Perkins*, 245 U.S. 390, 391 (1918) (citations omitted) (". . . in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *see also Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137, 139 (7th Cir. 1995) (the remedy provided by 28 U.S.C. § 2241 cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case).

In this case, Petitioner seeks the dismissal of all pending charges against him, and release from custody. However, he cannot demonstrate that he exhausted the remedies available to him in the pending criminal proceeding as to any claim he can be understood to assert. Petitioner does state that his right to a speedy trial is being violated, but he does not seek an order compelling an earlier trial. Instead, as with his other claims, he contends the violation of his right to a speedy trial entitles him to dismissal of all pending charges, and release from pretrial detention. Because Petitioner cannot demonstrate exhaustion of any of his claims, relief under § 2241 is unavailable to him. As noted above, Petitioner cannot file a § 2241 petition to raise defenses to a pending federal criminal prosecution. To determine otherwise would interfere with the trial judge's control over Petitioner's pending criminal case, encourage "judge shopping," and cause needless duplication of judicial resources.

The Court will therefore dismiss the petition without further proceedings. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner may proceed in forma pauperis in these proceedings .

**IT IS FURTHER ORDERED** that Petitioner's Petition For a Writ Of Habeas Corpus Under 28 U.S.C. § 2241 is **DISMISSED** without prejudice. Doc. [1].

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of November, 2023.

_____

JOHN A. ROSS

SENIOR UNITED STATES DISTRICT JUDGE

4